Bissell, P. J.,
delivered the opinion of the court.
The proceedings in this case do not conform to the stat *139 ute. In May, 1893, Morris, the plaintiff in error, was tried on a charge of disturbing the peace in Montezuma county, and was fined twenty-five dollars and costs. He appealed from the justice’s judgment and gave the bond provided for in section 2047 of the General Statutes of 1883, and the record was transmitted to the county court by the magistrate who tried the case. When the case reached that court it was placed* on the docket, was called for trial and went over to a later day in the term at the request of the district attorney. This was done in the absence of the defendant. On the day to which the case was postponed, it was called for trial; Morris failed to appear; the appeal was dismissed and a procedendo was issued to the justice’s court. From this judgment Morris appealed.
There are several reasons why the judgment cannot be sustained. According to the adjudication of the supreme court in the case of Lawn v. The People, 11 Colo. 343, the court was powerless to render a judgment affecting the rights of the absent defendant. This is the settled law of this jurisdiction. Since this is true, to dismiss the appeal and is§ue a procedendo was clearly a violation of the law.
The proceeding was totally at variance with the course indicated by the statute regulating appeals to the county court from judgments of conviction in criminal matters rendered by justices of the peace. The act provides that' in cases of that description the defendant shall have the right to take the case to the county court upon giving a bond conditioned simply to pay whatever judgment that court may render against him. The statute also enacts that when the cause reaches the county court it shall be there tried. The entry of a judgment in the county court against the appellant is the only possible breach of the statutory bond. Under these circumstances, the trial is one de novo, and is to be conducted according to the due course of such proceedings in that tribunal. The jurisdiction of the county court is in no sense appellate, when the term is used to express the idea that the proceedings of the lower court are subject to *140 review and reversal. The cause stands in the county court precisely the same as though it had been there instituted, and the court must proceed in the statutory way to try and determine the case and render such judgment as the evidence and the law may warrant. Such is the judgment of the courts of our sister states where like questions have arisen. Territory v. Lowitski, 27 Pac. Rep. 496.
Probably the county court dismissed the appeal on the hypothesis that, as the statute pointed out no method by which a recalcitrant defendant could be brought into court to answer the charge, the court was powerless to do otherwise than remand the case. This cannot be, since the court had full, power to. issue the requisite process to bring the defendant in and force him to a trial. If the defendant is brought in, tried and convicted, the judgment against him can be enforced, and the condition of his bond will be broken when he fails to pay the judgment rendered against him. .
What has been said is sufficient to indicate to the court below what should be done in the present case. For the error committed in entering the judgment stated, it must be reversed and remanded.

Reversed.